BELÉN RAMÓN VDA. DE GONZÁLEZ, RAFAEL, RAMÓN, FÉLIX y MERCEDES GONZÁLEZ RAMÓN, demandantes y apelados, *v.* CRISTÓBAL PUIG y MARTÍN ORTEGA, demandados y apelantes.

No. 4671.—*Sometido:* Marzo 13, 1929. *Resuelto:* Abril 4, 1929.

*Monserrat & Monserrat,* abogados de los apelantes; *Angel R. de Jesús,* abogado de los apelados.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Los demandantes en este caso son dueños de una casa, la número 35 de la calle de San Sebastián, en San Juan de Puerto Rico; la planta baja de dicha casa viene, hace largo tiempo, dedicada a tahona, con horno para elaborar pan. Y por contrato que se hizo constar en escritura pública de fecha 18 de mayo de 1925, los ahora apelados dieron en arrendamiento a los aquí apelantes Cristóbal Puig y Martín Ortega, la planta baja, horno y panadería, con la maquinaria y útiles para elaborar pan, por un término que vencía el 5 de abril de 1927, y canon de $125 mensuales. Al terminar el contrato los ahora apelantes entregaron a los apelados la parte de finca que llevaban en arriendo, y los apelados protestaron de que los señores Puig y Ortega no habían cumplido con las cláusulas del contrato, y no les entregaban la casa y horno en condiciones de seguir elaborando pan, faltándoles reparaciones y obras indispensables para tal fin, y cuyo costo es de $1,128.61. Y como no pudieron llegar a acuerdo con los ex-arrendatarios, demandaron a éstos ante la Corte de Distrito de San Juan, alegando en su demanda

los hechos necesarios, y además, que se veían privados de elaborar pan en su casa, y sufrían un perjuicio de valor de $500; y pidiendo a la corte una sentencia contra los demandados por $1,628.61.

Los demandados contestaron, admitiendo la existencia del contrato de arrendamiento y de las cláusulas del mismo que en la demanda se transcriben, y negando que durante la vigencia de tal contrato dejaran de elaborar pan en la casa y horno arrendados; negando que al expirar el contrato no dejaran el local en condiciones para elaborar pan, y alegando que habían hecho en el local las reparaciones exigidas por el contrato, limpiándolo, pintándolo y poniéndolo de acuerdo con las exigencias del Departamento de Sanidad; negando que ese departamento haya rehusado conceder a los demandantes licencia para elaborar pan en el local a que se refieren la demanda y la contestación, por no estar ese local en las condiciones que requieren los reglamentos, y alegando que antes de vencerse el contrato los demandados hicieron inspeccionar el local por las autoridades de sanidad, que les expidieron nueva licencia para elaborar pan, previas algunas reparaciones que hicieron; alegan que durante la vigencia del contrato el local arrendado no ha sufrido alteración alguna, y que hoy tiene la licencia para hacer pan; y que han entregado a los demandantes el local en condiciones para seguir elaborando pan; negaron el valor de las reparaciones y la existencia de daños, y pidieron la absolución de la demanda.

El caso fué a juicio. Y la corte dictó sentencia fundada en una opinión, en la que se hace un estudio concienzudo, detallado y completo de la materia de hecho, y se trata con suma discreción la de derecho.

Debemos reproducir, de la opinión de la corte, los párrafos que siguen, por ser de gran importancia:

"Ambas partes presentaron evidencia testifical y documental que fué admitida. La Corte, como resultado de las admisiones hechas y

de evidencia presentada, declara probados satisfactoriamente los siguientes hechos:

"1. Que los demandantes y los demandados son todos mayores de edad y vecinos de esta ciudad.

"2. Que los demandantes son dueños de la casa No. 35 de la calle de San Sebastián de esta ciudad y con fecha 18 de mayo de 1925 por escritura número 178 ante el notario don Julio César González, los demandantes cedieron en arrendamiento a los demandados la planta baja de dicha casa, dedicada a panadería, con el horno para elaborar pan y demás maquinarias y útiles allí existentes, por término de dos años que venció el 5 de abril de 1927, y por el canon de $125.00 mensuales.

"3. Que dicho contrato de arrendamiento se celebró entre otras, bajo las siguientes condiciones:

" 'TERCERA: Los arrendatarios dedicarán desde esta fecha el local o planta baja arrendada a la industria de elaborar pan, *y lo entregarán en condiciones de seguir su elaboración.*

*       *       *       *       *       *       *

" 'QUINTA: Con excepción de la pintura de la fachada del edificio, que será de cuenta de los arrendadores, todas las obras interiores de plomería, albañilería, pinturas de cualquier otra clase que las autoridades sanitarias ordenasen hacer en el local arrendado, serán costeadas por los arrendatarios, así como cualquier contribución que fuere impuesta a la panadería y los gastos de agua y luz y los de otorgamiento de escritura y su copia.

" 'SEXTA: La obligación que por este contrato imponen los arrendatarios será de carácter solidario.

" 'SÉPTIMA: El incumplimiento de cualquiera de las condiciones estipuladas dará lugar a la terminación del presente contrato, y en aptitud la parte perjudicada para proceder judicialmente.'

"Antes de seguir adelante en la exposición de los hechos probados, es conveniente hacer constar que la cláusula del contrato de arrendamiento que alegan los demandantes quedó incumplida, por parte de los demandados, copiada literalmente lee como sigue:

" 'TERCERA: Los arrendatarios dedicarán desde esta fecha el local o planta baja arrendada, a la industria de elaborar pan, y lo entregarán en condiciones de seguir su elaboración.'

"En síntesis, los demandantes alegan que los demandados al terminar el contrato no lo entregaron en condiciones de seguir la elaboración de pan. Y por el contrario, los demandados alegan que entregaron el local al terminar el contrato, en condiciones de seguir la elaboración de pan."

La sentencia, de fecha 30 de marzo de 1928, condena a los demandados a pagar a los demandantes, $1,378 y las costas.

Contra esta sentencia se ha interpuesto el presente recurso de apelación, en el que se señalan dos errores. El primero de ellos es así:

"Primero: La Corte de Distrito cometió error al sostener que los demandados y apelantes no habían cumplido con el contrato de arrendamiento celebrado en el presente caso, declarando con lugar la demanda y condenando a los apelantes al pago de la suma de $1,378.00 como indemnización por los daños y perjuicios que dicen haber sufrido los apelados."

■ No convenimos con la parte apelante. La cláusula tercera del contrato de arrendamiento es clara y categórica. Ella se encuentra redactada en términos que no dejan lugar a duda. El local arrendado debe ser devuelto en condiciones de seguir la elaboración de pan. Y como ha dicho la corte de distrito en su acertada opinión

"hay que presumir que al obligarse a entregar el local en condiciones de seguir su elaboración, no podían los contratantes estar pensando en que pudiera elaborarse *físicamente* pan, sino que tenían necesariamente que pensar que el local debían entregarlo en condiciones de poder seguir elaborando pan *de una manera legal;* es decir, de acuerdo con los requisitos exigidos por la ley y los reglamentos de sanidad."

Hay además, hechos que forzosamente tienen que llamar la atención del juzgador, atención no prevenida o prejuiciada, pero sí alerta y vigilante. Los demandados tenían que entregar a los demandantes el local en 5 de abril de 1927; y en 25 de marzo de 1927, once días antes de la entrega, obtienen de la Sanidad una nueva licencia para elaborar pan en ese mismo local. ¿Para qué? Ellos no habían de seguir elaborando pan en ese local; luego la petición de licencia (que por otra parte no es transferible sin la autorización del departamento) o era un absurdo, o tendía a otro

fin. Y la corte de distrito, en la página 31 de la transcripción del récord, nos dice para qué se pidió la licencia:

". . . y obtuvieron del Departamento de Sanidad una licencia para elaborar pan en dicho local con el solo fin de poder cumplir con la letra del contrato que les exigía que entregaran el local en condiciones de seguir elaborando pan . . ."

Los demandantes también pidieron una licencia para elaborar pan en el mismo local. Ellos si tenían una lógica justificación para pedirla, ya que el día 5 de abril de 1927 recibirían el local. Y el departamento de sanidad les negó la licencia por no estar el local en condiciones, y faltarle reparaciones al horno, faltar elementos de aseo y limpieza para personas y utensilios, mal estado de las paredes, etc. La prueba en este particular fué categórica.

De cualquier forma que esto se discuta, y aunque hubiera estado (que no lo estaba) el local en condiciones el 29 de marzo aparece que el 4 de abril de 1927, el local no estaba en condiciones para elaborar pan. La misma autoridad que los apelantes invocan, por haberle expedido la innecesaria licencia, es la que invocan los apelados, porque con fecha posterior a la de expedición de aquélla, negó la pedida por los apelados, fundándose en la falta de condiciones del local. Y si examinamos la denegatoria del departamento y las deficiencias que se señalan, es forzoso concluir que la desaparición o subsanación de esas deficiencias es una obligación de las que se imponen a los arrendatarios en la cláusula quinta de la escritura de arrendamiento.

Los arrendatarios no cumplieron con las obligaciones de las cláusulas tercera y quinta de su contrato, lo que justifica la sentencia.

■ Refiérese el segundo señalamiento de error a la imposición de costas. Entendemos que en un caso como éste, en que se ha negado por los arrendatarios, de una manera tenaz e injustificable, el derecho de los demandantes, la imposición de costas es justa.

*La sentencia apelada debe ser confirmada.*